UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES YEE,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO, INC., et al.,<br><br>        Defendants. | Case No. 18-CV-02704-LHK<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 6 |

On May 8, 2018, Plaintiff Dolores Yee ("Plaintiff") filed this suit, which arises out of a pending foreclosure on Plaintiff's home, against Select Portfolio Inc.,[1] Ditech Servicing LLC ("Ditech"), Specialized Loan Servicing, The Mortgage Law Firm PLC, and "NYM Trust Certificate series 2007-2"[2] (collectively, "Defendants"). ECF No. 1 ("Compl."). Before the Court is Plaintiff's motion for a preliminary injunction to prevent the sale of Plaintiff's home at a non-judicial foreclosure sale. ECF No. 6. Because the Court lacks subject matter jurisdiction, the Court DISMISSES the complaint with leave to amend.

---

[1] The correct name of this entity appears to be Select Portfolio Servicing, Inc. *See* ECF No. 21.
[2] The correct name of this entity appears to be CWABS, Inc., Asset-Backed Certificates, Series 2007-2. *See* ECF No. 21.

1
Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

**I.     BACKGROUND**

On March 15, 2007, Plaintiff obtained a refinanced loan from Countrywide Home Loans for $584,100. SPS Request for Judicial Notice ("SPS RJN"), ECF No. 19-1 at 18.[3] On July 26, 2012, The Mortgage Law Firm PLC filed a Notice of Default and Election to Sell. The Mortgage Law Firm PLC Request for Judicial Notice, ECF No. 25-2 at 27. On March 11, 2014, Plaintiff filed an action in state court in which Plaintiff alleged that none of the defendants had standing to foreclose because the owner of the loan was unknown. SPS RJN, ECF No. 19-4. In January 2015, the state court sustained the defendants' demurrer without leave to amend. SPS RJN, ECF No. 19-5. Plaintiff appealed, but the appeal was dismissed in January 2017 for failure to procure the records on appeal. SPS RJN, ECF No. 19-6.

On April 22, 2015, Plaintiff filed a chapter 13 bankruptcy petition. SPS RJN, ECF No. 19-7. Ditech filed a proof of claim against Plaintiff with respect to the loan. Plaintiff objected to the proof of claim based on Ditech's alleged lack of standing to assert the claim. SPS RJN, ECF No. 19-8. On April 26, 2016, the Bankruptcy Court overruled Plaintiff's objection to Ditech's proof of claim. SPS RJN, ECF No. 19-9. On April 28, 2016, Plaintiff commenced an adversary proceeding in the bankruptcy court against Ditech. Plaintiff alleged that Ditech's proof of claim contained false representations. SPS RJN, ECF Nos. 19-10, 19-11. On July 19, 2016, the bankruptcy court dismissed the adversary proceeding. The bankruptcy court held that Plaintiff lacked standing to bring one of her claims and the bankruptcy court abstained from hearing the other claims based on the pending appeal and the existence of the action in state court. SPS RJN,

---

[3] The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). SPS and The Mortgage Law Firm PLC request judicial notice of the dockets and certain filings from Plaintiff's state court and bankruptcy proceedings, as well as judicial notice of certain documents recorded with the county. ECF Nos. 19, 25. Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Thus, the Court GRANTS SPS's and The Mortgage Law Firm PLC's requests for judicial notice.

2
Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

ECF No. 19-12. Plaintiff appealed the dismissal order to the Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed the dismissal on August 3, 2017. SPS RJN, ECF Nos. 19-14, 19-15.

On July 31, 2017, the state court expunged the lis pendens that Plaintiff had recorded against her home, and thus allowed the foreclosure sale to proceed. SPS RJN, ECF No. 19-3. Plaintiff appealed, and the Court of Appeal granted a motion to dismiss the appeal on April 3, 2018. *Id.*

On February 12, 2018, Plaintiff filed a second chapter 13 bankruptcy petition. SPS RJN, ECF No. 19-16. On April 17, 2018, Plaintiff commenced an adversary proceeding against SPS challenging SPS's standing to assert a claim in connection with the loan. SPS RJN, ECF No. 19-17. Plaintiff also filed an objection to SPS's proof of claim in which Plaintiff challenged SPS's standing. SPS RJN, ECF No. 19-19. The hearing on Plaintiff's objection is set for June 27, 2018. Case No. 18-50299, ECF No. 47.

Plaintiff filed this suit on May 8, 2018. Compl. The caption of Plaintiff's complaint reads, "Declaratory Relief to Quiet Title pursuant to California statutes, Lack of standing to foreclose, Mortgage Servicing Fraud, Violations of Tila, Respa, FTC, and Due Process." *Id.* at 1. The body of the complaint enumerates four claims for quiet title. The complaint also contains a section, not denoted as a claim, entitled "FTC Act and MARS Rule Violations." *Id.* at 15.

Plaintiff alleged that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which provides for diversity jurisdiction. Compl. at 3. Plaintiff alleged that Plaintiff is a citizen of California. *Id.* Plaintiff alleged that Defendants are citizens of Utah, New York, South Dakota, Colorado, and Arizona. *Id.* Plaintiff did not specify which Defendant she alleged to be a citizen of which state. However, Plaintiff did list addresses for each Defendant. *See id.* at 2-3. Plaintiff listed a Utah address for Select Portfolio Servicing ("SPS"), a South Dakota address for Ditech, a Colorado address for Specialized Loan Servicing ("SLS"), and a California address for The Mortgage Law Firm PLC. *Id.* Plaintiff noted that The Mortgage Law Firm PLC has offices in Arizona and California. Plaintiff did not identify an address for CWABS, Inc., Asset-Backed Certificates, Series 2007-2. *Id.* at 3.

3

Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

1    On May 8, 2018, Plaintiff filed a motion for a preliminary injunction to prevent the sale of
2    Plaintiff's home in a non-judicial foreclosure proceeding. ECF No. 6. Plaintiff stated that the
3    foreclosure sale was set for May 24, 2018. Compl. at 8. However, the documents that Plaintiff
4    submitted in support of her complaint show that at the time Plaintiff filed the complaint, the
5    foreclosure sale had already been rescheduled to June 25, 2018. *See* Compl. at 71.

On May 29, 2018, Ditech and SPS filed a motion to dismiss the complaint, or in the alternative a motion for a more definite statement or to stay or refer litigation. ECF No. 18. Also on May 29, 2018, Ditech and SPS filed an opposition to the motion for a preliminary injunction. ECF No. 21.

On May 31, 2018, The Mortgage Law Firm PLC filed a motion to dismiss. ECF No. 24. That same day, Specialized Loan Servicing filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 27.

On June 4, 2018, Plaintiff filed a reply in support of her motion for a preliminary injunction. ECF No. 30.

## II.     LEGAL STANDARD

In order for federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002). The plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under

federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

If the Court determines at any point that it lacks subject matter jurisdiction, the Court may dismiss the action *sua sponte*. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

#### A. The Court Lacks Diversity Jurisdiction

"Although the statute does not so require explicitly, the Supreme Court has repeatedly held, and recently reiterated, that § 1332(a) requires complete diversity, whereby 'in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'" *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)).

In the instant case, Plaintiff pleads that the parties are completely diverse. *See* Compl. at 3. Specifically, Plaintiff is a citizen of California. *Id.* Although Plaintiff does not explicitly state

5

Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

which Defendants are citizens of which states, Plaintiff appears to allege that SPS is a citizen of Utah, Ditech is a citizen of South Dakota, SLS is a citizen of Colorado, The Mortgage Law Firm PLC is a citizen of Arizona, and CWABS, Inc., Asset-Backed Certificates, Series 2007-2 is a citizen of New York. *See id.* at 2-3. However, Plaintiff lists a California address for The Mortgage Law Firm PLC in the complaint. *Id.* at 3. SLS argues that Plaintiff has thus conceded that The Mortgage Law Firm PLC is a citizen of California and moves to dismiss for lack of subject matter jurisdiction as a result. ECF No. 27 at 6-7.

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Id.* (citing 28 U.S.C. § 1332(c)(1)). Public filings on the California Secretary of State's website, of which the Court takes judicial notice,[4] indicate that The Mortgage Law Firm PLC is incorporated in California. *See* Articles of Incorporation of The Mortgage Law Firm, A Professional Law Corporation, available at https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=03274278-5854255. Because The Mortgage Law Firm PLC is incorporated in California, it is a citizen of California for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Thus, the Court lacks diversity jurisdiction because there is not complete diversity between Plaintiff and all Defendants, because both Plaintiff and The Mortgage Law Firm PLC are California citizens. *See Abrego*, 443 F.3d at 679.

The Court has the discretionary authority under Federal Rule of Civil Procedure 21 to drop a party to perfect its diversity jurisdiction if the nondiverse party is not indispensable to the action under Rule 19. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1142 (9th Cir. 2003). However,

---

[4] Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *Black*, 482 F.3d at 1041. Similarly, documents available on government websites are generally judicially noticeable. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." (internal quotation marks and alterations omitted)).

the Court finds it inappropriate to exercise such discretion at this stage because neither party has briefed whether The Mortgage Law Firm PLC is an indispensable party, and the complaint impermissibly lumps all Defendants together in most of its factual allegations, which makes it difficult to determine the relative importance of The Mortgage Law Firm PLC's involvement in the case. *See United States ex rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1181-82 (9th Cir. 2016); *Sebastian Brown Productions, LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015).

Thus, the Court lacks diversity jurisdiction. The Court next analyzes whether it has federal question jurisdiction over the instant case.

### A. The Court Lacks Federal Question Jurisdiction

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen*, 891 F.2d at 1386. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) ("A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'") (citations omitted). "The well-pleaded complaint rule is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (internal quotation marks omitted). Plaintiff's complaint asserts only four separately numbered state causes of action for quiet title. *See* Compl. at 8-14. Generally, a complaint that asserts only state law claims does not arise under federal law. *Taylor*, 481 U.S. at 63. The only potential basis for federal question jurisdiction would be Plaintiff's references to TILA, RESPA, due process, the FTC Act and the MARS Rule,[5] which are either federal statutes or rules or constitutionally guaranteed rights.

---

[5] The MARS Rule stands for the Mortgage Assistance Relief Services rule, which the FTC issued in 2010. *See* 16 C.F.R. § 322 (2010).

7
Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Federal question jurisdiction will lie over state law claims like Plaintiff's only "in certain cases" where those state law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Under *Grable*, a federal court may exercise jurisdiction over a state law claim only if (1) the action necessarily raises a federal issue that is (2) disputed and (3) substantial, and if (4) the court may entertain the case without disturbing the congressionally approved balance of federal and state judicial responsibilities. *Id.* at 314. The party seeking to establish jurisdiction must justify a need for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

Here, Plaintiff's complaint fails to establish that federal question jurisdiction exists over Plaintiff's quiet title claims under *Grable*. Specifically, Plaintiff has failed to establish that the action necessarily raises a federal issue. First, although Plaintiff mentions due process in the case caption, nowhere else does the complaint mention due process or invoke any constitutional rights. Second, Plaintiff mentions TILA and RESPA in the case caption, but does not plead separate causes of action under either of these federal statutes. In full, Plaintiff's references to these statutes in the body of the complaint are the following, which come at the end of a subsection entitled "FTC Act and MARS Rule Violations":

> There [*sic*] are not in compliance with the Tila/RESPA, and FTC complaints are on file against Ditech LLC for their deceptive practices loan servicing, debt collection, and credit reporting. FTC settlement of 63 million 48 million in refunds to consumers and 15 million in civil penalties [*sic*]. Under the Truth in Lending Act pursuant to 15 USC 1601-1607j (full disclosure), I have a right to know who the true party of interest in this transaction is. As such, I am asking the Defendants to stipulate whether there is a holder in due course for my promissory note. If you are not the holders, then you admit to being the servicers with no obligation or interest nor authority to enforce the note.

Compl. at 15-16. Plaintiff does not explain what provisions of TILA or RESPA the Defendants have allegedly violated, nor does Plaintiff explain the relationship between the alleged noncompliance with TILA and RESPA and her quiet title causes of action. In any event, it does not appear to the Court that resolution of Plaintiff's quiet title causes of action would necessarily involve resolving issues under TILA or RESPA. Finally, Plaintiff's discussion of the FTC Act

8

1  and MARS Rule do not support federal question jurisdiction because Plaintiff does not explain the
2  relationship between this statute and rule and her quiet title causes of action.  Moreover, the FTC
3  Act and MARS Rule do not contain private rights of action.  *See Johnson v. Bank of Am.*, No. 15-
4  cv-6766-KS, 2015 WL 7776808, at *4 (C.D. Cal. Nov. 30, 2015) ("[T]he FTC Act does not
5  recognize a private right of action."); *cf. Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,
6  536 (9th Cir. 1984) ("In most cases, unlike the present case, the task of statutory construction
7  which leads to finding an implied remedy will focus upon congressional intent.  In such cases, the
8  implied remedy will also be read into the accompanying administrative rule, in a straightforward
9  way, because an agency drafting rules pursuant to a statute is restricted to the scope of authority
10 granted by the legislature." (citations omitted)).

Thus, although Plaintiff mentions several federal laws, the state law causes of action do not necessarily raise a federal issue.  *See Grable*, 545 U.S. at 314; *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024 (9th Cir. 2011) (holding that federal question jurisdiction did not exist where a lease was governed "by [a] specific federal statutory and regulatory scheme" but the plaintiff's cause of action relating to the lease did not require the resolution of a federal question of law).  Moreover, none of Plaintiff's causes of action are expressly brought under federal law.

Accordingly, the Court concludes that it lacks federal question jurisdiction over the instant case.

## IV. CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for lack of subject matter jurisdiction.  Because Plaintiff may be able to establish subject matter jurisdiction through amendment, the Court grants leave to amend.  If Plaintiff fails to file an amended complaint within 30 days or fails to cure the jurisdictional deficiencies identified in this order, the case will be dismissed with prejudice.  The Court also cautions Plaintiff, who is proceeding pro se, that any amended complaint must clearly allege which actions are attributable to which individual defendants, rather than pleading only that "Defendants" engaged in certain actions.  *Sebastian Brown Productions*, 143 F. Supp. 3d at 1037 ("A plaintiff 'must identify what action each

1  Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against
2  Defendants as a whole.'" (quoting *In re iPhone Application Litig.*, No. 11-MD-2250-LHK, 2011
3  WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)).  In addition, any amended complaint must specify
4  which causes of action are alleged against which Defendants.  *See* ECF No. 18 at 19.  Plaintiff
5  may not add new causes of action or new parties without a stipulation or leave of the Court.

Because Plaintiff's case has been dismissed for lack of subject matter jurisdiction, Ditech and SPS's motion to dismiss, ECF No. 18, The Mortgage Law Firm PLC's motion to dismiss, ECF No. 24, and SLS's motion to dismiss, ECF No. 27, as well as Plaintiff's motion for a preliminary injunction, ECF No. 6, are deemed moot.

**IT IS SO ORDERED.**

Dated: June 12, 2018

_____
LUCY H. KOH
United States District Judge

10
Case No. 18-CV-02704-LHK
ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION