United States District Court
Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| DOLORES YEE, | Case No. 18-CV-02704-LHK |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| SELECT PORTFOLIO, INC., et al., | Re: Dkt. No. 64 |
| Defendants. | |

On May 8, 2018, Plaintiff Dolores Yee ("Plaintiff"), proceeding *pro se*, filed this suit, which arises out of a pending foreclosure on Plaintiff's home, against Select Portfolio Servicing, Inc. ("SPS"); Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech"); Specialized Loan Servicing LLC ("SLS"); The Mortgage Law Firm PLC; and "CWABS, Inc., Asset-Backed Certificates, Series 2007-2,"[1] who are unknown Defendants (collectively, "Defendants"). Plaintiff filed an Amended Complaint on July 6, 2018. ECF No. 33 ("Amend. Compl."). Before the Court is Plaintiff's motion for a preliminary injunction to prevent the sale of Plaintiff's home at a non-judicial foreclosure sale. ECF No. 64. ("Mot."). Defendant SPS filed an opposition for itself and

---

[1] Given inconsistencies in the Plaintiff's filings, the Court refers to the correct name of the Defendant-entities as identified by the Defendants themselves. *See, e.g.*, ECF No. 21.

1
Case No. 18-CV-02704-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

1  as attorney-in-fact for The Bank of New York ("BNYM"), as trustee for the certificate holders of

2  CWABS, Inc., Asset-Backed Certificates, Series 2007-2, on September 18, 2018. ECF No. 68

3  ("Opp'n"). Plaintiff replied on September 24, 2018. ECF No. 69 ("Reply"). For the reasons given

4  below, the Court DENIES Plaintiff's motion for a preliminary injunction.

## I.     BACKGROUND

On March 15, 2007, Plaintiff obtained a refinanced loan from Countrywide Home Loans for $584,100. SPS Request for Judicial Notice ("SPS RJN"), ECF No. 19-1 at 18.[2] On July 26, 2012, The Mortgage Law Firm PLC filed a Notice of Default and Election to Sell. The Mortgage Law Firm PLC Request for Judicial Notice, ECF No. 25-2 at 27. On March 11, 2014, Plaintiff filed an action in state court in which Plaintiff alleged that none of the Defendants had standing to foreclose because the owner of the loan was unknown. SPS RJN, ECF No. 19-4. In January 2015, the state court sustained the defendants' demurrer without leave to amend. SPS RJN, ECF No. 19-5. Plaintiff appealed, but the appeal was dismissed in January 2017 for failure to procure the records on appeal. SPS RJN, ECF No. 19-6.

On April 22, 2015, Plaintiff filed a chapter 13 bankruptcy petition. SPS RJN, ECF No. 19-7. Ditech filed a proof of claim against Plaintiff with respect to the loan. Plaintiff objected to the proof of claim based on Ditech's alleged lack of standing to assert the claim. SPS RJN, ECF No. 19-8. On April 26, 2016, the Bankruptcy Court overruled Plaintiff's objection to Ditech's proof of claim. SPS RJN, ECF No. 19-9. On April 28, 2016, Plaintiff commenced an adversary proceeding in the bankruptcy court against Ditech. Plaintiff alleged that Ditech's proof of claim contained

---

[2] As in the first preliminary injunction motion, the parties again request that the Court take judicial notice of several documents. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Defendants request judicial notice of the dockets and certain filings from Plaintiff's state court and bankruptcy proceedings, as well as judicial notice of certain documents recorded with the county. ECF Nos. 19, 25. Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

2
Case No. 18-CV-02704-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

false representations. SPS RJN, ECF Nos. 19-10, 19-11. On July 19, 2016, the bankruptcy court dismissed the adversary proceeding. The bankruptcy court held that Plaintiff lacked standing to bring one of her claims, and the bankruptcy court abstained from hearing the other claims based on the pending appeal and the existence of the action in state court. SPS RJN, ECF No. 19-12. Plaintiff appealed the dismissal order to the Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed the dismissal on August 3, 2017. SPS RJN, ECF Nos. 19-14, 19-15.

On July 31, 2017, the state court expunged the lis pendens that Plaintiff had recorded against her home (also referred to as the "Subject Property"), and thus allowed the foreclosure sale to proceed. SPS RJN, ECF No. 19-3. Plaintiff appealed, and the Court of Appeal granted a motion to dismiss the appeal on April 3, 2018. *Id.*

On February 12, 2018, Plaintiff filed a second chapter 13 bankruptcy petition. SPS RJN, ECF No. 19-16. On April 17, 2018, Plaintiff commenced an adversary proceeding against SPS challenging SPS's standing to assert a claim in connection with the loan. SPS RJN, ECF No. 19-17. Plaintiff also filed an objection to SPS's proof of claim in which Plaintiff challenged SPS's standing. SPS RJN, ECF No. 19-19.

Plaintiff filed this suit on May 8, 2018. ECF No. 1 ("Compl."). On May 8, 2018, Plaintiff filed a motion for a preliminary injunction to prevent the sale of Plaintiff's home in a non-judicial foreclosure proceeding. ECF No. 6. Plaintiff stated that the foreclosure sale was set for May 24, 2018. Compl. at 8. However, the documents that Plaintiff submitted in support of her complaint showed that at the time Plaintiff filed the complaint, the foreclosure sale had already been rescheduled to June 25, 2018. *See* Compl. at 71. On May 29, 2018, Ditech and SPS filed a motion to dismiss the complaint, or in the alternative a motion for a more definite statement or to stay or refer litigation. ECF No. 18. Also on May 29, 2018, Ditech and SPS filed an opposition to the motion for a preliminary injunction. ECF No. 21. On May 31, 2018, The Mortgage Law Firm PLC filed a motion to dismiss. ECF No. 24. That same day, SLS filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 27. On June 4, 2018, Plaintiff filed a reply in support of her motion for a preliminary injunction. ECF No. 30. On June 12, 2018, the Court dismissed

1 Plaintiff's case sua sponte for lack of subject matter jurisdiction, and found as moot the motion for

2 preliminary injunction and the motions to dismiss. ECF No 32. The Court granted leave to amend.

3 *Id.* at 9.

4 On July 7, 2018, Plaintiff filled an amended complaint that included, among other things,

5 causes of action for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement

6 Procedures Act ("RESPA"), and the Fair Credit Reporting Act ("FCRA"), as well as due process

7 violations. *See* Amend. Compl. On July 23, 2018, Defendants SPS, Ditech, and SLS filed a motion

8 to dismiss. ECF No. 41. Plaintiff opposed on August 6, 2018. ECF No. 50. Defendants replied on

9 August 13, 2018. ECF No. 57. On August 17, 2018, Plaintiff filed a "motion for order to show

10 cause." ECF No. 60. Ditech and SPS filed their objections to the "motion for order to show cause"

11 on August 31, 2018. ECF No. 61. SLS opposed the "motion for order to show cause" the same

12 day. ECF No 62.

13 On September 4, 2018, Plaintiff filed the instant motion for a preliminary injunction. *See*

14 Mot. Plaintiff states that her motion seeks "to enjoin and retrain all named Defendants from selling

15 Plaintiff['s] [p]roperty at a non-judicial foreclosure sale of the subject property." Mot. at 12. On

16 September 18, 2018, Defendant SPS filed an Opposition for itself and as attorney-in-fact for

17 BNYM, as trustee for the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series

18 2007-2. *See* Opp'n. Plaintiff replied on September 24, 2018. *See* Reply.

## II. LEGAL STANDARD

20 "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to

21 succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of

22 preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in

23 the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis

24 added). Moreover, the party seeking the injunction bears the burden of proving these elements.

25 *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is

26 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear*

27 *showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012)

1 (citation omitted) (emphasis in original). Federal Rule of Civil Procedure 65(a)(1) states that the court may issue a preliminary injunction only on notice to the adverse party.

### III. DISCUSSION

Plaintiff has brought a motion for a preliminary injunction to prevent the sale of her home at a non-judicial foreclosure sale. *See* Mot. Defendant argues that a preliminary injunction is not appropriate because Plaintiff's motion is procedurally deficient for failure to attach a proposed order, an affidavit, or a declaration pursuant to Local Rules 65-2 and 7-2 of the United States District Court for the Northern District of California, and because Plaintiff cannot demonstrate (1) a likelihood of success on the merits; (2) that the balance of equities favors the issuance of an injunction; and (3) that the public interest will be served by an injunction. Opp'n at 1–2. The Court will explore each of these arguments in turn.

#### A. Failure to Comply with the Local Rules

As an initial matter, Defendant argues that Plaintiff's motion should be denied for failure to comply with Local Rules 65-2 and 7-2. Opp'n at 2. Local Rule 65-2 provides that "[m]otions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2." Local Rule 7-2(c) provides that "[u]nless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order."

While Plaintiff did not attach a proposed order to her motion, she did attach a proposed order to her reply. Moreover, given that Plaintiff is proceeding *pro se*, the Court will excuse Plaintiff's failure to comply with the Local Rules for the purposes of this motion. The Court warns, however, that Plaintiff shall comply with the Local Rules moving forward and that the Court may reject future motions filed by Plaintiff for failure to comply with the Local Rules.

#### B. Likelihood of Success on the Merits

It appears that Plaintiff argues that she has a likelihood of success on all of her causes of action of the Amended Complaint: (1) quite title; (2) lack of standing to foreclose; (3) fraudulent concealment and fraud in the inducement; (4) TILA violations; (5) RESPA violations; (6) FCRA

violations; and (7) due process violations. *See* Amended Compl. at 13–24.³ Defendant responds that Plaintiff has not demonstrated a likelihood of success on any of her claims. *See* Opp'n at 3–14. The Court agrees.

### 1. Plaintiff's quite title, lack of standing to foreclose, and fraud claims

First, Plaintiff has not demonstrated a likelihood of success as to her quite title, lack of standing to foreclose, and fraud claims (claims 1, 2, and 3). This is because these claims are likely barred by the doctrine of res judicata. Res judicata "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Id.* at 897 (citations omitted). Under California law, the doctrine of res judicata bars claims when the second suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).

To determine whether two proceedings involve the "same cause of action," California courts do not require that the claims in the first and second lawsuit be identical. Instead, California applies the "primary right" theory, which defines "cause of action" as comprising "a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Mycogen Corp.*, 28 Cal. 4th at 904 (citation omitted). In the primary right theory, "the phrase 'cause of action' has a more precise meaning:

---

³ In her reply, Plaintiff appears to raise new causes of action through which she seeks to establish a likelihood of success on the merits, including conspiracy, intentional infliction of emotional distress, and corruption. *See* Reply at 17–19. The Court ignores these newly raised claims because they were first raised in the reply and because they have no basis in the amended complaint. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." The Ninth Circuit requires that there "be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"). In any event, these new claims suffer from the same defects as the claims in Plaintiff's amended complaint in that they are based on the same primary right that Plaintiff has repeatedly litigated.

The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 814 (2010) (citations omitted). "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.* (citations omitted); *see also Interinsurance Exch. of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 182 (Cal. Ct. App. 1989) ("The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.").

Here, Plaintiff previously brought suit in state court seeking relief to being free from a claim against herself or the lien against the Subject Property, and enjoining Defendants from selling or attempting to sell "Plaintiff's home either under the power of sale in the deed of trust or by foreclosure action." *See* SPS RJN, ECF No. 19-4 (State Action, Case No. 114CV261926, Third Amended Complaint). Plaintiff also alleged fraud relating to the assignment of the loan in that state court action. *Id.*

In the instant action, Plaintiff again seeks relief based on the same primary right. The first two causes in Plaintiff's instant lawsuit—quiet title and lack of standing to foreclose—both again seek to vindicate Plaintiff's "primary right" to be free from a claim against herself or the lien against the Subject Property. *See* Amend. Compl. at 13–16. Plaintiff also again alleges fraud relating to the assignment of the loan. *Id.* at 16–18. Therefore, Plaintiff's state action and the instant federal action both seek to redress the same injury. As such, the first prong is met. *See, e.g.*, *Mendaros v. JPMorgan Chase Bank, Nat. Assoc.*, No. 16-cv-06092-HSG, 2017 WL 2352143, at *2 (N.D. Cal. May 31, 2017) (Here, Plaintiff's First and Second Action both seek to redress the same injury—wrongful foreclosure. Although Plaintiff asserted multiple theories of recovery in the First Action, and seeks to allege more in the Second, all the harm Plaintiff alleges that he suffered resulted from the invasion of [ ] his right not to be deprived of ownership or possession of his home through wrongful foreclosure. This prong is met.").

The Court finds that the second prong—a final judgment on the merits—is also met. In the state court action, the state court issued an order that sustained the Defendant's demurrer without leave to amend. Therefore, there has been a final judgment on the merits. *See* SPS RJN 19-5 (Order Sustaining Defendants' Demurrer); *see also Brambila v. Wells Fargo Bank*, No. 12-c-04244 NC, 2012 WL 5383306 (N.D. Cal. Nov. 1, 2012) ("[A] judgment given after the sustaining of a general demurrer on a ground of substance . . . may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action." (quoting *Goddard v. Security Title Insur. & Guarantee Co.*, 14 Cal. 2d 47, 52 (1937)).

The third prong of identity or privity between the parties is also met. Plaintiff is unquestionably the same person in both the state action and the instant federal action. Defendants SLS, Ditech (f/k/a Green Tree Servicing LLC), and The Mortgage Law Firm PLC were parties to the state court action. While SPS was not a party to the state court action, it may still assert res judicata as to Plaintiff's claims 1, 2, and 3, as Ditech and SLS's predecessors-in-interest with respect to the loan and the Subject Property. *See Inoue v. Bank of Am.*, No. 15-1636, 2015 WL 4498570, at *4 (N.D. Cal. July 23, 2015), *aff'd sub nom. Inoue v. Bank of Am., N.A.*, 692 F. App'x 818 (9th Cir. 2017) ("Defendants MERS and BNYM were not parties to the state court action, but they may still assert *res judicata* as to these claims. The FAC addresses the same primary rights previously adjudicated against plaintiff in the state court action, and so MERS and BNYM are entitled to assert *res judicata* against plaintiff.").

In light of the doctrine of res judicata, the Court concludes that Plaintiff has not demonstrated a likelihood of success on the merits as to her first three claims. Therefore, although Defendants offer additional reasons for why Plaintiff cannot show a likelihood of success on her first three claims, the Court need not reach those arguments.

### 2. Plaintiff's TILA claims

Second, Plaintiff also has not demonstrated a likelihood of success on her TILA violations claim because that claim is barred by the applicable statute of limitations. As Defendants phrase it,

8

it appears that Plaintiff alleges that the Defendants violated TILA on three separate occasions by failing to: (1) "provide the Plaintiff with two copies of the notice of the right to rescind upon origination of the Loan in violation of 15 U.S.C. § 1635(a);" (2) "provide 'accurate material disclosures required under TILA under regulation Z' upon origination of the Loan,"; and (3) "notify the Plaintiff of the assignment of the Deed from MERS to BNYM in 2011 in violation of 15 U.S.C. § 1641(g)(1)." Opp'n at 12 (citing Amend. Compl. at 19). In support of her TILA claim, Plaintiff pleads that the loan transaction took place on March 15, 2007. Amend. Compl. 18–21; *see* SPS RJN, ECF No. 19-1 at 17, 35–37.

Under the TILA statute, the right to rescind expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," regardless of whether the required information and forms have been delivered. 15 U.S.C. § 1635(f); *see also Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1030 (9th Cir. 2014). 15 U.S.C. § 1635(f) is a statute of repose, which means that it "completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). An action for damages for a TILA violation pursuant to sections 1639, 1639b, or 1639c similarly must be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because the loan transaction occurred in March of 2007, Plaintiff's right to rescind and seek damages expired three years later, in 2010. *See* 15 U.S.C. §§ 1635(f), 1640(e). Further, Plaintiff's right to seek damages as a result of the alleged failure to give notice of the assignment of the loan in 2011 under section 1641(g)(1) would have expired in 2012—one year after the occurrence of the violation. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Thus, Plaintiff's TILA claims are barred by the applicable statute of repose for rescission and statutes of limitations for damages.

The Court further agrees with Defendants that even if the statute of repose for rescission and statute of limitation for damages under TILA could be tolled, Plaintiff has not demonstrated a

9
Case No. 18-CV-02704-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

basis for equitable tolling of her claims because Plaintiff has not made any allegations demonstrating why the statutes should be tolled. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (stating that equitable tolling is applied "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." (citation omitted)). As for the notice of the assignment argument, even if the Court were to assume that Plaintiff never received notice from the Defendants, the records of which this Court has taken judicial notice (SPS RJN) show that Plaintiff unquestionably had actual knowledge of the assignment when Plaintiff first brought her challenges in state court in March 2014 and alleged facts related to the 2011 assignment. SPS RJN, ECF No. 19-3; SPS RJN, ECF No. 19-4 ("The entity seeking to foreclose is a Mortgage Loan Trust that closed on or about February 28, 2007, with the assignment to that trust occurring in 2011, at the time of beginning the foreclosure process."). Given this, even if the statute were tolled until then, the limitations period would have still expired one year later, in March of 2015. *See* 15 U.S.C. § 1640(e). Plaintiff, however, did not file this instant suit until May 8, 2018.

In sum, the Court finds that Plaintiff cannot demonstrate a likelihood of success as to her TILA violations claim because that claim is barred by the applicable statute of limitations.

### 3. Plaintiff's RESPA and FCRA claims

Third, Plaintiff cannot obtain injunctive relief for her RESPA and FCRA claims (claims 5 and 6) because the remedies available for violations of those statutes are limited only to statutory or actual damages. *See, e.g.*, *Chung v. NBGI, Inc.*, No. C 09-04878 MHP, 2010 WL 841297, at *2 (N.D. Cal. Mar. 10, 2010) ("A preliminary injunction is generally only available if injunctive relief is appropriate in the first instance." (citing *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987)). RESPA does not provide for injunctive relief. See 12 U.S.C. § 2605. Accordingly, Plaintiff cannot seek injunctive relief through her claim predicated on a RESPA violation. *See, e.g.*, *Laine v. Wells Fargo Bank & Co.*, No. C 13-4109 SI, 2014 WL 12589637, at *1 (N.D. Cal. Jan. 9, 2017) (holding that because "RESPA does not provide injunctive relief," plaintiff could not demonstrate "a likelihood of success on the merits of her claim that defendant's

10

response violated RESPA."); *Barcarse v. Central Mort. Co.*, No. LA CV 12-05608 JAK (FFMx), 2012 WL 12878674, at *3 (C.D. Cal. Aug. 1, 2012) ("The RESPA claim does not provide a basis for the requested preliminary injunction with respect to the pending foreclosure because the remedy for a RESPA violation is only statutory or actual damages.").

Similarly, the only remedies for FCRA violations are statutory or actual damages. *See* 15 U.S.C. §§ 1681n, 1681o; *see also Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). Therefore, Plaintiff cannot seek injunctive relief through her claim predicated on a FCRA violation. *See Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 ("[T]he FCRA does clearly preclude injunctive relief.").[4] The Court concludes Plaintiff cannot demonstrate a likelihood of success based on Plaintiff's claims 5 and 6 that are predicated on violations of RESPA and FCRA.

### 4. Plaintiff's due process claims

Sixth, the Court finds that Plaintiff has not demonstrated a likelihood of success on her claim for violations of due process (claim 7). *See* Amend Compl. at 23–24. This is because Plaintiff does not specify which Defendants are state actors for the purposes of this claim, nor does she allege any facts suggesting that any Defendant took action under color of state law. *See Gritchen v. Collier*, 254 F.3d 807, 801 (9th Cir. 2001) ("To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law.").

In sum, the Court concludes that Plaintiff has not shown the likelihood of success on the merits necessary to obtain a preliminary injunction.

---

[4] While the Ninth Circuit has not yet addressed this issue, the Fifth Circuit in *Washington v. CSC Credit Servs., Inc.*, reasoned that the FCRA mentions injunctive relief only in sections applicable to the FTC or other agencies enforcing the FCRA, whereas the liability provisions of the FCRA, 15 U.S.C. §§ 1681n, 1681o, set forth remedies available to private litigants and include only damages and attorneys' fees. 199 F.3d 263, 268 (5th Cir. 2000). In light of this, the Fifth Circuit held that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC." *Id.*

11
Case No. 18-CV-02704-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

### C. Irreparable Harm and Balance of Equities

Defendants concede that irreparable harm weighs towards granting the preliminary injunction, but argue that "[g]iven the Plaintiff's inability to establish a likelihood of success on the merits of any of her claims, the possibility of irreparable harm from losing her home, by itself, is insufficient to satisfy the standards for issuing a preliminary injunction." Opp'n at 14. The Court agrees that this factor alone does not compel this Court to grant Plaintiff's preliminary injunction. *See, e.g.*, *Gonzalez v. Wells Fargo Bank*, No. C 09-03444 MHP, 2009 WL 3572118 (N.D. Cal. Oct. 30, 2009) ("[Plaintiff] . . . stands to lose his residence if the trustee's sale is not enjoined. At the same time, there is a near-total absence of serious questions regarding whether [plaintiff] is entitled to the relief he seeks. Accordingly, [plaintiff] is not entitled to relief under this formulation of the preliminary injunction standard.").

As for the balance of equities, Defendants argue that the balance of equities tip in their favor because "Plaintiff has occupied the Subject Property without payment of the loan for more than six years. The record suggests that the Plaintiff does not intend to pay the loan, and that she filed multiple cases and multiple motions to delay foreclosure without any intention to pay the Loan." Opp'n at 14. The Court agrees. In *Meritt v. Dimond*, this Court found that the balance of equities did not favor a preliminary injunction when "[t]here [was] no dispute that Plaintiffs have occupied the property for almost ten years without making any payments on the note." No. 17-CV-06101-LHK, 2018 WL 3126391, at *10 (N.D. Cal. June 26, 2018); *see also Perry v. Nat'l Default Servicing Corp.*, No. 10-cv-03167-LHK, 2010 WL 3325623, at *6 (N.D. Cal. Aug. 20, 2010) (finding balance of equities did not favor an injunction where plaintiffs had occupied property without making payments for more than two years); *Caldwell v. Wells Fargo Bank, N.A.*, No. 13-CV-1344-LHK 2013 WL 3789808, at *7 (N.D. Cal. July 16, 2013) (finding balance of equities tipped heavily in favor of defendant where plaintiff had resided at property rent-free for more than three years); *see also Gillies v. JPMorgan Chase Bank, N.A.* , 7 Cal. App. 5th 907, 909 (2017) ("Nonpayment of the mortgage for approximately eight years while the borrower remains in possession is an egregious abuse. Respondent argued, and the trial court agreed, that appellant

12

is 'gaming the system.' The game is over.").

### D. Public Interest

The Court agrees with Defendants that the public interest would not be served if the Court were to grant Plaintiff's preliminary injunction. As this Court stated in *Meritt*: "the Court finds that the public interest is not served by allowing Plaintiffs to continue living in their home without payment. Nor is the public interest served by prohibiting Defendants from proceeding with the foreclosure sale." 2018 WL 3126391, at *10; *see also Perry*, 2010 WL 3325623, at *6 ("Similarly, the public interest would not be served by prohibiting Kondaur from proceeding with the foreclosure sale, as it is entitled to do.").

Here, the facts of which this Court has taken judicial notice show that Plaintiff has occupied the Subject Property without making payments for more than six years, and has attempted to avoid foreclosure through non-stop, multi-jurisdictional litigation, including a state court action and bankruptcy proceedings. The filing of these lawsuits in an attempt to avoid foreclosure constitutes an abuse of the judicial process. *See Caldwell*, 2013 WL 3789808, at *7 ("Plaintiff's strategic initiation of serial bankruptcy proceedings on the eve of foreclosure sales in April 2012, November 2012, and February 2013 and filing of serial ex parte applications for TRO shortly before scheduled foreclosure sales in November 2012, March 2013, and now July 2013, as well as litigation of virtually identical claims in both the Central and Northern Districts of California, constitute abuse of the judicial process."). In light of this, the public interest would not be served if the Court were to grant Plaintiff's preliminary injunction.

### IV. CONCLUSION

After balancing the factors, the Court concludes that a preliminary injunction is not appropriate in this case. For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
Lucy H. Koh

13

Case No. 18-CV-02704-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

LUCY H. KOH
United States District Judge