UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES YEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO, INC., et al.,<br><br>    Defendants. | Case No. 18-CV-02704-LHK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

On May 8, 2018, Plaintiff Dolores Yee ("Plaintiff"), proceeding *pro se*, filed this suit, which arises out of a pending foreclosure on Plaintiff's home, against Select Portfolio Servicing, Inc. ("SPS"); Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech"); Specialized Loan Servicing LLC ("SLS"); The Mortgage Law Firm PLC; and "CWABS, Inc., Asset-Backed Certificates, Series 2007-2,"[1] who are unknown defendant certificate holders[2] (collectively, "Defendants"). Plaintiff filed an Amended Complaint on July 6, 2018. ECF No. 33 ("Amend.

---

[1] Given inconsistencies in the Plaintiff's filings, the Court refers to the correct name of the Defendant-entities as identified by the Defendants themselves. *See, e.g.*, ECF No. 21.

[2] Defendants state that SPS is the attorney-in-fact for The Bank of New York Mellon f/k/a The Bank of New York ("BNYM"), and that BNYM is trustee for the CWABS, Inc., Asset-Backed Certificates, Series 2007-2. ECF No. 41 at ii.

1

Compl."). Before the Court is Defendants' motion to dismiss the Amended Complaint or, alternatively for a more definite statement. ECF No. 41 ("Mot."). Plaintiff opposed on August 6, 2018. ECF No. 50 ("Opp'n"). Defendants replied on August 13, 2018. ECF No. 57 ("Reply").

For the reasons given below, the Court GRANTS Defendants' motion to dismiss.[3] Therefore, the Court DENIES as moot Defendants' alternative motion for a more definite statement.

## I.     BACKGROUND

### A.  Factual Background

On March 15, 2007, Plaintiff obtained a refinanced loan from Countrywide Home Loans ("Countrywide") for $584,100 (the "Loan"). SPS Request for Judicial Notice ("SPS RJN"), ECF No. 19-1 at 18.[4] To evidence the Loan, Plaintiff executed and delivered the Interest Only Fixed Rate Note (the "Note"), dated March 15, 2007, in favor of Countrywide. *Id.* at 33–36. As security for the Plaintiff's obligations under the Note, Plaintiff executed and delivered a deed of trust (the "Deed") on her residence located at 3339 Kuykendall Place, San Jose, California 95148 (the "Subject Property"), dated March 15, 2007, upon Reconstruct Company, N.A. (the "Trustee"), and

---

[3] In the time since Defendants filed their motion to dismiss, Plaintiff has filed several nonsensical motions that the Court addresses further in the "Procedural Background" section. As discussed below, the Court considers Plaintiff's "motion for order to show cause" to the extent it can be construed as a "sur-reply," but DENIES the motion to the extent Plaintiff requests any other relief. *See* ECF No. 60. The Court SUSTAINS the Defendants' objection to Plaintiff's notice of removal and DENIES Plaintiff's notice of removal because Plaintiff did not properly remove the adversary proceeding from the bankruptcy court. *See* ECF No. 34. The Court DENIES Plaintiff's "motion for leave to file motion to amend judgment" because there is no judgment to alter. *See* ECF No. 74. To the extent Plaintiff's filing at ECF No. 78 could be construed as Plaintiff requesting to file a new "pleading," the Court DENIES Plaintiff's request. *See* ECF No. 78.

[4] The parties request that the Court take judicial notice of several documents. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Defendants request judicial notice of the dockets and certain filings from Plaintiff's state court and bankruptcy proceedings, as well as judicial notice of certain documents recorded with the county. ECF Nos. 19, 25. Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

Case No. 18-CV-02704-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Mortgage Electronic Registration Systems, Inc. ("MERS"), which was acting as a beneficiary as a nominee for Countrywide and its successors and assigns. *Id.* at 16–33. The Deed was recorded in the Santa Clara County Recorder's Office on March 22, 2007. *See id.* Defendants explain that because of a merger, Bank of America, National Association ("BANA") became the successor to Countrywide's interests in the Note and Deed. Mot. at 2.

On May 4, 2011, MERS assigned the Deed to BNYM, as trustee for the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2. SPS RJN, ECF No. 19-1 at 14–15. The Assignment of Deed of Trust was recorded in the Santa Clara County Recorder's Office on May 12, 2011. *Id.* In 2012, SLS, as attorney-in-fact for BNYM, substituted The Mortgage Law Firm, PLC in lieu of Reconstruct Company, N.A., as trustee under the Deed. *See* ECF No. 1 ("Compl."), attachment at 66–67 ("Substitution of Trustee"). The Substitution of Trustee was recorded in the Santa Clara County Recorder's Office on July 26, 2012. *Id.* On July 26, 2012, The Mortgage Law Firm, PLC filed a Notice of Default and Election to Sell. The Mortgage Law Firm PLC Request for Judicial Notice, ECF No. 25-2 at 27.

In February 2014, BNYM appointed Ditech Financial LLC f/k/a/ GreenTree Servicing LLC ("Ditech") to be BNYM's "true and lawful attorneys-in-fact" with "full powers of substitution and resubstitution, for and in its name, place and stead, in any and all capacities, for the limited purpose of executing and recording any and all documents necessary to effect [ ] a foreclosure of a Mortgage Loan." SPS RJN, ECF No. 19-2 at 34–39. The limited power of attorney was recorded in the Maricopa County, Arizona Recorder's Office on February 21, 2014. *Id.* In 2017, BNYM appointed SPS to be BNYM's "true and lawful attorney-in-fact." SPS RJN, ECF No. 19-17 at 67–69 ("Limited Power of Attorney"). The Limited Power of Attorney was recorded in the Davis County, Utah Recorder's Office on August 10, 2017. *Id.*

Plaintiff's litigation history is extensive, and includes an action filed in state court, two bankruptcy cases, two adversary proceedings filed in connection with those bankruptcy cases, two claims objections, separate appeals, and finally, this instant action. Plaintiff brought her issues before the Santa Clara County Superior Court; the California Sixth District Court of Appeal; the

United States Bankruptcy Court for the Northern District of California; and the Bankruptcy Appellate Panel of the Ninth Circuit.

First, on March 11, 2014, Plaintiff filed an action in the Santa Clara County Superior Court, in which Plaintiff alleged that none of the Defendants had standing to foreclose because the owner of the Loan was unknown ("State Action"). SPS RJN, ECF No. 19-3 (State Action, Case No. 2014-CV-261926). In particular, Plaintiff alleged claims of fraud and deceit, promissory estoppel, aiding and abetting, negligent misrepresentation, and violation of California Business and Professions Code § 17200, *et seq.* SPS RJN, ECF No. 19-4 (State Action, Case No. 2014-CV-261926, Third Amended Complaint). In the State Action, Plaintiff sought relief to be free from a claim against herself or the lien against the Subject Property, and to enjoin Defendants from selling or attempting to sell "Plaintiff's home either under the power of sale in the deed of trust or by foreclosure action." *See id.* In January 2015, the Superior Court sustained the Defendants' demurrer without leave to amend. SPS RJN, ECF No. 19-5. Plaintiff appealed, but the appeal was dismissed in January 2017 for failure to procure the records on appeal. SPS RJN, ECF No. 19-6.

On April 22, 2015, Plaintiff filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court") ("First Bankruptcy Case"). SPS RJN, ECF No. 19-7. Ditech, as then attorney-in-fact for BNYM filed a proof of claim against Plaintiff with respect to the Loan. Plaintiff objected to the proof of claim based on Ditech's alleged lack of standing to assert the claim. SPS RJN, ECF No. 19-8. On April 26, 2016, the Bankruptcy Court overruled Plaintiff's objection to Ditech's proof of claim. SPS RJN, ECF No. 19-9. On April 28, 2016, Plaintiff commenced an adversary proceeding in the Bankruptcy Court against Ditech ("First Adversary Proceeding"). Plaintiff alleged that Ditech's proof of claim contained false representations. SPS RJN, ECF Nos. 19-10, 19-11. On July 19, 2016, the Bankruptcy Court dismissed the First Adversary Proceeding. The Bankruptcy Court held that Plaintiff lacked standing to bring one of her claims, and the Bankruptcy Court abstained from hearing the other claims based on the pending appeal and the existence of the State Action. SPS RJN, ECF No. 19-12. Plaintiff appealed the dismissal order to the Bankruptcy Appellate Panel of

the Ninth Circuit, which affirmed the dismissal on August 3, 2017. SPS RJN, ECF Nos. 19-14, 19-

15.

On July 31, 2017, the state court expunged the lis pendens that Plaintiff had recorded

against the Subject Property, and therefore allowed the foreclosure sale to proceed. SPS RJN, ECF

No. 19-3. Plaintiff appealed, and the Court of Appeal granted a motion to dismiss the appeal on

April 3, 2018. *Id.*

On February 12, 2018, Plaintiff filed a second chapter 13 bankruptcy petition ("Second

Bankruptcy Case"). SPS RJN, ECF No. 19-16. On April 17, 2018, Plaintiff commenced an

adversary proceeding ("Second Adversary Proceeding") against SPS challenging SPS's standing

to assert a claim in connection with the Loan. SPS RJN, ECF No. 19-17. On May 18, 2018, SPS

moved to dismiss the Second Adversary Proceeding. SPS RJN, ECF No. 19-18. On May 22, 2018,

Plaintiff also filed an objection to SPS's proof of claim in which Plaintiff challenged SPS's

standing. SPS RJN, ECF No. 19-19.

On May 18, 2018, Plaintiff moved to remove the standing chapter 13 trustee, and alleged,

among other things, that the trustee was negligent in not objecting to BNYM's proof of claim. *See*

18-50299 (Bankr. N.D. Cal.), Dkt. No. 33. On May 22, 2018, the standing chapter 13 trustee filed

a motion to dismiss the Second Bankruptcy Case for failure to file the required declaration of

direct payment. *Id.*, Dkt. No. 39. The standing chapter 13 trustee also filed an opposition to

Plaintiff's motion to remove the standing trustee. *Id*, Dkt. No. 50. In the opposition, the standing

chapter 13 trustee explained that the Second Adversary Proceeding "revisits many, or all, of the

same issues that already have been litigated twice," and "the Trustee concluded that [BNYM's]

proof of claim met all of the requirements of Fed. R. Bankr. P. 3001(c), that the claim did not

appear to be improper, and that there was no basis to object to the claim." *Id.* On June 25, 2018,

the Bankruptcy Court granted the trustee's motion and dismissed the Second Bankruptcy Case as

well as overruled Plaintiff's claim objection. *Id.*, Dkt. Nos. 59, 61.

After dismissal of the Second Bankruptcy Case, the Bankruptcy Court entered an order

requiring the Plaintiff to show cause why the Bankruptcy Court should not dismiss the Second

United States District Court
Northern District of California

Adversary Proceeding under the doctrine of discretionary abstention because it related to the dismissed Second Bankruptcy Case. *See* 18-5016 (Bankr. N.D. Cal.), Dkt. No. 32. The hearing for that order to show cause was set for August 7, 2018. Then on July 10, 2018, as discussed below, Plaintiff filed a notice of removal seeking to remove the Second Adversary Proceeding to the instant Court. *See id.*, Dkt. No. 34.

### B.  Procedural Background

Plaintiff filed this suit on May 8, 2018. ECF No. 1. On May 8, 2018, Plaintiff filed a motion for a preliminary injunction to prevent the sale of Plaintiff's home in a non-judicial foreclosure proceeding. ECF No. 6. Plaintiff stated that the foreclosure sale was set for May 24, 2018. Compl. at 8. However, the documents that Plaintiff submitted in support of her complaint showed that at the time Plaintiff filed the complaint, the foreclosure sale had already been rescheduled to June 25, 2018. *See* Compl. at 71. On May 29, 2018, Ditech and SPS filed a motion to dismiss the complaint, or in the alternative a motion for a more definite statement or to stay or refer litigation. ECF No. 18. Also on May 29, 2018, Ditech and SPS filed an opposition to the motion for a preliminary injunction. ECF No. 21. On May 31, 2018, The Mortgage Law Firm PLC filed a motion to dismiss. ECF No. 24. That same day, SLS filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 27. On June 4, 2018, Plaintiff filed a reply in support of her motion for a preliminary injunction. ECF No. 30.

On June 12, 2018, the Court dismissed Plaintiff's case sua sponte for lack of subject matter jurisdiction because there was no federal question or diversity jurisdiction. ECF No 32. The Court also denied as moot the motion for preliminary injunction and the motions to dismiss. *Id.* The Court granted Plaintiff leave to amend the complaint because "Plaintiff may be able to establish subject matter jurisdiction through amendment." *Id.* at 9. The Court cautioned Plaintiff "that any amended complaint must clearly allege which actions are attributable to which individual defendants, rather than pleading only that 'Defendants' engaged in certain actions." *Id.* The Court stated, "[i]n addition, any amended complaint must specify which causes of action are alleged against which Defendants," and that "Plaintiff may not add new causes of action or new parties

without a stipulation or leave of the Court." *Id.* at 10.

On July 7, 2018, Plaintiff filled an Amended Complaint that included, among other things, causes of action for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Credit Reporting Act ("FCRA"), as well as due process violations. *See* Amend. Compl.

On July 10, 2018, as discussed above, Plaintiff filed a notice of removal seeking to remove the Second Adversary Proceeding from the Bankruptcy Court to this Court, stating she had "complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446." ECF No. 34. Defendants filed a joint objection to the notice of removal on July 18, 2018, and argued, among other things, that 28 U.S.C. §§ 1441 and 1446 govern removal of actions commenced in state court to a district court with original jurisdiction over the action, "not matters such as the Adversary Proceeding filed by the Debtor in the Bankruptcy Court after she filed her Bankruptcy Case." ECF No. 37. The Court agrees and finds that Plaintiff's attempted removal of the Second Adversary Proceeding was improper. The Court therefore SUSTAINS the Defendants' objection and DENIES Plaintiff's notice of removal. ECF No. 34.

On July 23, 2018, Defendants SPS, Ditech, and SLS filed the instant motion to dismiss and motion for a more definite statement. *See* Mot. Plaintiff opposed on August 6, 2018. *See* Opp. Defendants replied on August 13, 2018. *See* Reply.

On August 17, 2018, Plaintiff filed a "motion for order to show cause." ECF No. 60. Ditech and SPS filed their objections to the "motion for order to show cause" on August 31, 2018. ECF No. 61. SLS opposed the "motion for order to show cause" the same day. ECF No 62. It appears that Plaintiff's "motion for order to show cause," is effectively an unauthorized sur-reply. To the extent the filing may be construed as a "sur-reply," the Court will consider it. *See* ECF No. 60 (referred to throughout as "Sur-Reply"). To the extent that Plaintiff's "motion for order to show cause" asks for any other relief, the Court DENIES the motion. *See* ECF No. 60.

On September 4, 2018, Plaintiff filed a motion for a preliminary injunction. *See* ECF No. 64. Plaintiff stated that her motion sought "to enjoin and restrain all named Defendants from

7

selling Plaintiff['s] [p]roperty at a non-judicial foreclosure sale of the subject property." *Id.* at 12. On September 18, 2018, Defendant SPS filed an Opposition for itself and as attorney-in-fact for BNYM, as trustee for the certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-2. *See* ECF No. 68. Plaintiff replied on September 24, 2018. *See* ECF No. 69.

On October 1, 2018, the Court denied Plaintiff's motion for a preliminary injunction. ECF No. 71. The Court found that Plaintiff could not demonstrate a likelihood of success on the merits and that a preliminary injunction would not serve the public interest, especially in light of the fact that Plaintiff has "occupied the Subject Property without making payments for more than six years, and has attempted to avoid foreclosure through non-stop, multi-jurisdictional litigation, including a state court action and bankruptcy proceedings." *Id.*

On October 11, 2018, Plaintiff filled a motion for leave to file a motion for reconsideration, ECF No. 72, which the Court denied, ECF No. 73. On October 19, 2018, Plaintiff filed a "motion for leave to file motion to amend judgment." ECF No. 74. She stated, among other things, that "the Defendant[]s have defaulted," the Court "should and must vacated [sic] its judgment," and "[w]hether, the Court wishes to disbar the counsel, recuse itself, or convict for subornation of perjury is solely an option of the Judge of this Court to entertain, in a nexus to criminal activity or to repent by amending its ways to deny the Plaintiff's [sic] the right to non-judicially foreclose by a remand to dismiss with prejudice the non-judicial foreclosure action." *Id.* Defendants opposed on November 1, 2018. ECF No. 77. Plaintiff appears to have replied on November 8, 2018. However, the document is titled "Pleading: Reply to SPS Objections, and Under Federal Rule 362(c)(1) & (2) Violations of the Automatic Stay with Full Intent to Commit Fraud on the Court Rule 60(d)(3)." ECF No. 79. While largely incomprehensible, this filing appears to include a reply to Defendants' opposition to Plaintiff's "motion for leave to file motion to amend judgment" as well as some arguments that appear to be intended for the Bankruptcy Court. To the extent the document, ECF No. 79, could be construed as Plaintiff's request to file a new "pleading," the Court DENIES Plaintiff's request. As to Plaintiff's "motion for leave to file motion to amend judgment," ECF No. 74, there is no judgment. The Court therefore DENIES

Plaintiff's "motion for leave to file motion to amend judgment" because there is no judgment to amend. *See* ECF No. 74.

On October 29, 2018, the Clerk issued a notice that the hearing on the motion to dismiss was vacated and that the motion has been taken under submission without oral argument pursuant to Civil Local Rule 7-1(b). ECF No. 76. On November 1, 2018, Plaintiff filed a document title "Pleading: Notice to the Court on Cancelling Oral Argument on Motion to Dismiss, and Plaintiff Judicial Notice Statements and Docket Record." ECF No. 78. Despite labeling part of the document as a "Pleading," this document does not constitute a pleading. Instead, Plaintiff appears to make, among other things, additional arguments against the motion to dismiss. To the extent the document could be construed as Plaintiff's request to file a new "pleading," the Court DENIES Plaintiff's request. *See* ECF No. 78.

The Court considers Defendants' motion to dismiss below.

## II.     LEGAL STANDARD

### A.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

9

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Motion to Dismiss Under Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that allegations of fraud be stated with particularity. Specifically, the Ninth Circuit has held that averments of fraud "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the . . . claim." *Id.* at 1107. The Ninth Circuit has recognized that "it is established law in this and other circuits that such dismissals are appropriate," even though "there is no explicit basis in the text of the federal rules for the dismissal of a complaint for failure to satisfy 9(b)." *Id.* A motion to dismiss a complaint "under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.*

**C. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks

10

omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III.   DISCUSSION

Plaintiff appears to bring the following causes of action in her Amended Complaint: (1) quiet title; (2) lack of standing to foreclose; (3) fraudulent concealment and fraud in the inducement; (4) TILA violations; (5) RESPA violations; (6) FCRA violations; and (7) due process violations. *See* Amended Compl. at 13–24. Defendants SPS, Ditech, and SLS brought the instant motion to dismiss, which contends that Plaintiff's Amended Complaint should be dismissed in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. at ii.

The Court discusses each of Defendant's arguments below. In the first two subsections, the Court explores broader failures of Plaintiff's opposition to Defendants' motion to dismiss and Plaintiff's Amended Complaint, including (1) that Plaintiff fails to oppose many of the Defendants' motion to dismiss arguments, and (2) that Plaintiff's Amended Complaint failed to cure the group pleading deficiency in her initial complaint. In the remaining sections, the Court explores Defendants arguments as to each of Plaintiff's claims.

### A.  Plaintiff Fails to Oppose Arguments in the Motion to Dismiss

As an initial matter, Defendants assert that Plaintiff's opposition to their motion to dismiss fails to address Defendants' arguments as to most of Plaintiff's claims. *See* Reply at 2–3. The Court agrees with Defendants that Plaintiff fails to address many of the Defendants' arguments. *See* Opp'n.

For instance, Plaintiff's opposition makes no mention of her quiet title claim at all. She also fails to counter crucial aspects of Defendants' arguments regarding the dismissal of her

11

claims. For example, Plaintiff does not address the argument that the statute of limitations bars her TILA claim. Nor does Plaintiff substantively address Defendants' argument that she failed to state a claim under RESPA. Plaintiff also fails to respond to Defendants' argument against her due process claim. Further, Plaintiff does not argue that she can state a due process claim. Instead, Plaintiff's only response to the Defendants' motion to dismiss Plaintiff's TILA, RESPA, FCRA, and due process claims is: "The violations of TILA[,] RESPA, F[CRA] and Due Process were clearly stated on [sic] the First Amended Complaint." Opp'n at 9.

The Court construes Plaintiff's failure to oppose Defendant's motion to dismiss Plaintiff's quiet title claim as Plaintiff's abandonment of that claim. *See, e.g.*, *Wooten v. Countrywide Home Loans Inc.*, No. CIV S-11-1791 MCE DAD PS, 2012 WL 3463460, at *5 (E.D. Cal. Feb. 1, 2012) ("[P]laintiff's original complaint contains claims which plaintiff did not address in responding to defendants' motions. . . . A failure to oppose a dispositive motion may be construed as abandoning the subject claims."); *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 WL 841669 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address claims challenged in a motion to dismiss an "abandonment of those claims"); *Herzberg v. Cnty. of Plumas*, 133 Cal. App. 4th 1, 20 (2005) ("Plaintiffs did not oppose the County's demurrer to this portion of their seventh cause of action and have submitted no argument on the issue in their briefs on appeal. Accordingly, we deem plaintiffs to have abandoned the issue."). Therefore, the Court DISMISSES with prejudice Plaintiff's abandoned quiet title claim. Additionally, the Court dismisses Plaintiff's quiet title claim with prejudice on res judicata grounds below.

Arguably, Plaintiff's failure to substantively respond to the Defendant's arguments to dismiss Plaintiff's TILA, RESPA, FCRA, and due process claims also constitutes abandonment of those claims and supports granting Defendants' motion to dismiss. Nevertheless, Plaintiffs claims fail for the additional reasons below.

### B. Plaintiff's Complaint Failed to Specify Against Which Defendant She Brings Each of Her Claims

Broadly, Defendants contend that Plaintiff participated in group pleading without

identifying against which particular Defendant Plaintiff brings each of her claims. Mot. at 10–11. Plaintiff just broadly referenced "Defendants" throughout the Amended Complaint. For example, Plaintiff's Amended Complaint made statements such as "Defendants concealed the fact that the loans were securitized," "Defendants intended to induce Plaintiff based on these misrepresentations and improper disclosures," "Defendants violated TILA by failing to provide Plaintiff with accurate material disclosures," "Defendants violated rules and cease and desist orders respecting unfair or deceptive acts or practices against the Plaintiff," and "Defendants violated the Plaintiff's rights by not giving 'notice[,]' an elementary and fundamental requirement of due process." Amend. Compl. ¶¶ 24, 26, 39, 61, 67.

The Court agrees that such pleading style is problematic because it fails to put each respective Defendant on notice of the basis of the Plaintiff's claims. *See, e.g.*, *Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2014) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.'" (quoting *In re iPhone Litig.*, No. 11-MD-2550-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011))); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (N.D. Cal. 2014) ("The rambling complaint lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend."). Because Plaintiff's pleading fails "to allege what role each Defendant played in the alleged harm," this "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Sebastian Brown Prods.*, 143 F. Supp. 3d at 1037 (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, No. 14-CV-02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015)).

Moreover, Plaintiff was on notice that this deficiency existed in her initial complaint. When the Court dismissed Plaintiff's initial complaint sua sponte for lack of subject matter jurisdiction, the Court granted leave to amend and noted that "any amended complaint must clearly allege which actions are attributable to which individual defendants, rather than pleading only that 'Defendants' engaged in certain actions." ECF No. 32 at 9. The Court additionally stated

13

that "any amended complaint must specify which causes of action are alleged against which Defendants." *Id.* at 10. Despite receiving these specific instructions, Plaintiff again failed to be specific in her Amended Complaint. All of Plaintiff's claims in Plaintiff's Amended Complaint fail to satisfy the notice requirement of Rule 8(a)(2), and this failure warrants dismissal of Plaintiff's Amended Complaint in its entirety. The Court below discusses yet additional reasons Plaintiff's claims must be dismissed.

### C. Plaintiff's Quiet Title, Lack of Standing to Foreclose, and Fraud Claims

Defendants first argue that Plaintiff's quiet title, lack of standing to foreclose, and fraud claims (claims 1, 2, and 3) are barred by the doctrine of res judicata. Mot. at 11–13. The Court agrees.

Res judicata "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Id.* at 897 (citations omitted). Under California law,[5] the doctrine of res judicata bars claims when the second suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).[6]

To determine whether two proceedings involve the "same cause of action," California

---

[5] Defendants assert that the Court should apply California law to the res judicata analysis. *See* Mot. at 11–12. Plaintiff does not respond. However, the Court agrees with Defendants that the Court must apply the res judicata law of California because the prior action—the State Action— was issued by the courts of California. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1998) ("Under the Full Faith and Credit Act, federal courts must give state judicial proceedings 'the same full faith and credit . . . as they have by law or usage in the courts of [the] State . . . from which they are taken. This Act requires federal courts to apply the *res judicata* rules of a particular state to judgments issued by courts of that state. Accordingly, we apply California law of *res judicata* to the California judgment, New York law to the New York judgment, and federal law to the federal judgments." (citations omitted) (emphasis in original)).
[6] In any event, the Court notes that the outcome would be the same under the similar federal res judicata law. *Yagman v. Garcetti*, No. 17-55697, 2018 WL 3750316, at *2 (9th Cir. Aug. 8, 2018) ("Res judicata applies when there is (1) a final judgment on the merits, (2) identity or privity between the parties, and (3) identity of claims."); *see also Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-cv-00602 NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding a loan servicer to be in privity with original lender, nominee, and trustee sued in prior lawsuit).

14

courts do not require that the claims in the first and second lawsuit be identical. Instead, California applies the "primary right" theory, which defines "cause of action" as comprising "a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Mycogen Corp.*, 28 Cal. 4th at 904 (citation omitted). In the primary right theory, "the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory . . . advanced." *Boeken v. Phillip Morris USA, Inc.*, 48 Cal. 4th 788, 814 (2010) (citations omitted). "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Id.* (citations omitted); *see also Interinsurance Exch. of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 182 (Cal. Ct. App. 1989) ("The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, litigation finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.").

Here, Plaintiff previously brought suit in the State Action. In the State Action, Plaintiff sought relief to be free from a claim against herself or the lien against the Subject Property, and to enjoin Defendants from selling or attempting to sell "Plaintiff's home either under the power of sale in the deed of trust or by foreclosure action." *See* SPS RJN, ECF No. 19-4 (State Action, Case No. 114CV261926, Third Amended Complaint). In the State Action, Plaintiff also alleged fraud relating to the assignment of the loan. *Id.*

In the instant action, Plaintiff again seeks relief based on the same primary right. The first two causes in Plaintiff's instant lawsuit—quiet title and lack of standing to foreclose—both again seek to vindicate Plaintiff's "primary right" to be free from a claim against herself or the lien against the Subject Property. *See* Amend. Compl. at 13–16. Plaintiff also again alleges fraud relating to the assignment of the Loan. *Id.* at 16–18. Therefore, Plaintiff's State Action and the instant federal action both seek to redress the same injury. As such, the first prong is met. *See, e.g.*, *Mendaros v. JPMorgan Chase Bank, Nat. Assoc.*, No. 16-cv-06092-HSG, 2017 WL 2352143, at

15

*2 (N.D. Cal. May 31, 2017) ("Here, Plaintiff's First and Second Action both seek to redress the same injury—wrongful foreclosure. Although Plaintiff asserted multiple theories of recovery in the First Action, and seeks to allege more in the Second, all the harm Plaintiff alleges that he suffered resulted from the invasion of [ ] his right not to be deprived of ownership or possession of his home through wrongful foreclosure. This prong is met.").

The Court finds that the second prong—a final judgment on the merits—is also met. Plaintiff alleges that the case is still active. *See* Sur-Reply at 7. However, in the State Action, the state court issued an order that sustained the Defendant's demurrer without leave to amend. Therefore, there has been a final judgment on the merits. *See* SPS RJN 19-5 (Order Sustaining Defendants' Demurrer); *see also Brambila v. Wells Fargo Bank*, No. 12-c-04244 NC, 2012 WL 5383306 (N.D. Cal. Nov. 1, 2012) ("[A] judgment given after the sustaining of a general demurrer on a ground of substance . . . may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action." (quoting *Goddard v. Security Title Insur. & Guarantee Co.*, 14 Cal. 2d 47, 52 (1937)). Although Plaintiff appealed, the appeal was dismissed in January 2017 for failure to procure the records on appeal. SPS RJN, ECF No. 19-6. Therefore, the second prong is met.

The third prong of identity or privity between the parties is also met. Plaintiff is unquestionably the same person in both the State Action and the instant federal action. Defendants SLS, Ditech (f/k/a Green Tree Servicing LLC), and The Mortgage Law Firm PLC were parties to the State Action. While SPS was not a party to the State Action, it may still assert res judicata as to Plaintiff's claims 1, 2, and 3, as Ditech and SLS's predecessors-in-interest with respect to the loan and the Subject Property. *See Inoue v. Bank of Am.*, No. 15-1636, 2015 WL 4498570, at *4 (N.D. Cal. July 23, 2015), *aff'd sub nom. Inoue v. Bank of Am., N.A.*, 692 F. App'x 818 (9th Cir. 2017) ("Defendants MERS and BNYM were not parties to the state court action, but they may still assert *res judicata* as to these claims. The FAC addresses the same primary rights previously adjudicated against plaintiff in the State Action, and so MERS and BNYM are entitled to assert

16

*res judicata* against plaintiff.").

In sum, the Court finds that Plaintiff's quiet title, lack of standing to foreclose, and fraud claims are barred by the doctrine of res judicata. The Court therefore GRANTS Defendants' motion to dismiss these three claims. Because Plaintiff's claim is barred by the doctrine of res judicata, granting leave to amend would be futile. *See Leadsinger*, 512 F.3d at 532. Furthermore, to force Defendants to litigate the same quiet title, lack of standing to foreclose, and fraud issues that have already been adjudicated in the State Action would be unduly prejudicial to Defendants. *Id.* Finally, as discussed above, Plaintiff's silence as to her quiet title claim constitutes abandonment of that claim. *See, e.g.*, *Wooten*, 2012 WL 3463460, at *5 Therefore, the quiet title, lack of standing to foreclose, and fraud claims are dismissed with prejudice.

**D. Plaintiff's TILA claim**

Defendant next argues that Plaintiff's TILA claim (claim 4) is barred by the applicable statute of limitations. Mot. at 19–21. The Court agrees.

As Defendants phrase it, it appears that Plaintiff alleges that the Defendants violated TILA on three separate occasions by failing to: (1) "provide the Plaintiff with two copies of the notice of the right to rescind upon origination of the Loan in violation of 15 U.S.C. § 1635(a);" (2) "provide 'accurate material disclosures required under TILA under regulation Z' upon origination of the Loan," presumably pursuant to sections 1639, 1639b, or 1639c; and (3) "notify the Plaintiff of the assignment of the Deed from MERS to BNYM in 2011 in violation of 15 U.S.C. § 1641(g)(1)." Mot. at 19 (citing Amend. Compl. at 19). In support of her TILA claim, Plaintiff pleads that the Loan transaction took place on March 15, 2007. Amend. Compl. 18–21; *see* SPS RJN, ECF No. 19-1 at 17, 35–37.

First, under the TILA statute, 15 U.S.C. § 1635, the right to rescind expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," regardless of whether the required information and forms have been delivered. 15 U.S.C. § 1635(f); *see also Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1030 (9th Cir. 2014). 15 U.S.C. § 1635(f) is a statute of repose, which means that it "completely extinguishes the

17

right of rescission at the end of the 3-year period." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Second, an action for damages for a TILA violation pursuant to sections 1639, 1639b, or 1639c similarly must be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Because the Loan transaction occurred in March of 2007, Plaintiff's right to rescind and seek damages expired three years later, in 2010. *See* 15 U.S.C. §§ 1635(f), 1640(e). Third, 15 U.S.C. § 1640(e) provides that "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." Therefore, Plaintiff's right to recover monetary damages because of the alleged failure to give notice of the assignment of the Loan in 2011 under section 1641(g)(1) would have expired in 2012—one year after the occurrence of the violation. *See* 15 U.S.C. § 1640(e). Thus, Plaintiff's TILA claims are barred by the applicable statute of repose for rescission and statutes of limitations for damages.

The Court further agrees with Defendants that even if the statute of repose for rescission and statute of limitation for damages under TILA could be tolled, Plaintiff has not demonstrated a basis for equitable tolling of her claims because Plaintiff has not made any allegations demonstrating why the statutes should be tolled. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (stating that equitable tolling is applied "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." (citation omitted)); *see* Mot. at 20–21. As for Plaintiff's third "notice of the assignment" argument, even if the Court were to assume that Plaintiff never received notice from the Defendants in 2011, the records of which this Court has taken judicial notice (SPS RJN) show that Plaintiff unquestionably had actual knowledge of the assignment when Plaintiff first brought her challenges in state court in March 2014 and alleged facts related to the 2011 assignment. SPS RJN, ECF No. 19-3; SPS RJN, ECF No. 19-4 ("The entity seeking to foreclose is a Mortgage Loan Trust that closed on or about February 28, 2007, with the assignment to that trust occurring in 2011, at the time of beginning the foreclosure process."). Given this, even if the statute were tolled until then, the limitations period would have still expired one year later,

United States District Court
Northern District of California

1   in March of 2015. *See* 15 U.S.C. § 1640(e). Plaintiff, however, did not file this instant suit until

2   May 8, 2018.

3           In sum, the Court finds that Plaintiff's TILA claim is barred by the statute of limitations.

4   The Court therefore GRANTS Defendants' motion to dismiss this claim. However, because

5   Plaintiff may allege equitable tolling, leave to amend is not futile. Therefore, the Court grants

6   Plaintiff leave to amend her TILA claim. However, the Court reminds Plaintiff that she has

7   repeatedly received notice of her TILA claim's deficiencies. Plaintiff was told of her TILA claim's

8   deficiencies in this Court's June 12, 2018 order dismissing Plaintiff's initial complaint sua sponte

9   for lack of subject matter jurisdiction (ECF No. 32); the Defendants' instant motion to dismiss the

10  amended complaint, filed July 23, 2018 (ECF No. 41); the Defendants' opposition to Plaintiff's

11  motion for preliminary injunction, filed September 18, 2018 (ECF No. 68); and the Court's

12  October 1, 2018 order denying Plaintiff's motion for preliminary injunction (ECF No. 71).

13  Therefore, if Plaintiff fails to cure her TILA claim's deficiencies in a second amended complaint,

14  the Court will dismiss Plaintiff's TILA claim with prejudice.

15          **E.  Plaintiff's RESPA Claim**

16          Defendants argue next that Plaintiff failed to state a claim under RESPA (claim 5), 12

17  U.S.C. § 2605(e), for allegedly failing to respond to a qualified written request. Mot. at 21–22; *see*

18  Amend. Compl. at 21–22. The Court agrees.

19          RESPA sets forth the duty of a loan servicer to respond to "qualified written requests." 12

20  U.S.C. § 2605(e). *See Givant v. Vitek Real Estate Indus. Grp., Inc.,* No. 2:11-cv-03158-MCE-

21  JFM, 2012 WL 2912357, at *5 (E.D. Cal. July 16, 2012). To state a claim for a RESPA violation,

22  12 U.S.C. § 2605(e), a plaintiff must plead: "(i) that the servicer failed to adhere to the rules

23  governing a [qualified written request]; and (ii) that the plaintiff incurred 'actual damages' as a

24  consequence of the servicer's failure. These damages must flow from the failure of the servicer to

25  provide the information sought by the plaintiff through the [qualified written request]." *Givant*,

26  2012 WL 2912357 at *5 (citing 12 U.S.C. § 2605). Under RESPA, a loan servicer has an

27  obligation to act when it receives a qualified written request from the borrower or the borrower's

28
                                                19

agent for information relating to the servicing of the loan. 12 U.S.C. § 2605(e)(1)(A). "Servicing" means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A letter requesting loan origination documents is not a letter related to servicing of the loan, and a servicer has no duty under RESPA to respond to a plaintiff's qualified written request that relates to origination and modification of a loan rather than servicing. *Givant*, 2012 WL 2912357 at *7–8 (citing *Phillips v. Bank of Am. Corp.*, 2010 U.S. Dist. LEXIS 35131 (N.D. Cal. 2010). With respect to damages, "the plaintiff must include, at the pleading stage, a demonstration of some actual pecuniary loss. The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation." *Padilla v. One West Bank*, No. 10-04080 CW, 2010 WL 5300900, at *6 (N.D. Cal. Dec. 20, 2010) (citation omitted).

The Court finds that Plaintiff failed to state a claim under RESPA because her allegations lack necessary factual details. For instance, Plaintiff failed to allege to which Defendant she sent a qualified written request, when she sent the written request, the contents of the written request, which Defendant allegedly failed to respond, and how her alleged damages "flow from the failure of the servicer to provide the information" she sought. *Givant*, 2012 WL 2912357 at *5 (citing 12 U.S.C. § 2605). For this reason, Plaintiff's RESPA claim fails.

The Court grants Plaintiff leave to amend her RESPA claim. The Court reminds Plaintiff that the Court gave Plaintiff notice in its June 12, 2018 order dismissing Plaintiff's initial complaint sua sponte for lack of subject matter jurisdiction that Plaintiff failed to be specific enough as to which causes of action are alleged against which Defendants. ECF No. 32 at 9–10. Therefore, if Plaintiff fails to specify against which Defendants she brings her RESPA claim or if Plaintiff fails to cure the other RESPA claim deficiencies in a second amended complaint, the Court will dismiss Plaintiff's RESPA claim with prejudice.

### F. Plaintiff's FCRA Claim

Defendants argue that Plaintiff did not assert a claim under the FCRA (claim 6). Mot. at

20

22–23.[7] The Court finds that Plaintiff has not stated a claim under the FCRA for the reasons discussed below.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). "[T]o ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to [consumer reporting agencies], called 'furnishers.'" *Id.* One of these duties include obligations that are triggered "upon notice of dispute"—"that is, when a person who furnished information to a [consumer reporting agency] receives notice from the [consumer reporting agency] that the consumer disputes the information." *Id.* at 1154 (citing 15 U.S.C. § 1681s-2(b)).

To state a claim against a credit furnisher under the FCRA, a plaintiff must plead: "(1) a credit reporting inaccuracy existed on plaintiff's credit report;" "(2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate;" "(3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute;" and "(4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. [§] 1681s-2(b) (1)(A)-(E)." *Denison v. CitiFinancial Servicing LLC*, No. C 16-00432 WHA, 2016 WL 1718220, at *2 (N.D. Cal. Apr. 29, 2016) (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)). Importantly, the furnishers' "duties arise only after the furnisher receives notice of dispute from a [consumer reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at 1154 (citing 15 U.S.C. § 1681s-2(b)(1)).

In the instant case, Plaintiff failed to plead a claim for a FCRA violation. Plaintiff only alleged that "Defendants report[ed] foreclosure to the Plaintiff's credit bureau," and "Plaintiff had

---

[7] Defendants also argue that Plaintiff failed to allege a claim pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Mot. at 22 n.10. The Court agrees with Defendants that Plaintiff's mere one-word reference to the FDCPA is not sufficient to state a claim and that Plaintiff has not alleged a FDCPA claim.

21

United States District Court
Northern District of California

the credit bureau remove them from her credit report." Amend. Compl. at 22–23. Plaintiff failed to allege: (1) to which Defendants she is referring (despite receiving prior notice from the Court that she needed to be specific about identifying each Defendants' alleged wrongdoing); (2) that the alleged reporting that the Loan was in foreclosure was inaccurate; (3) that the consumer reporting agency notified the furnisher of the alleged inaccurate information; and (4) that the relevant Defendants failed to investigate the inaccuracies or failed to further comply with the requirements of FCRA. Because Plaintiff identifies Ditech as the specific Defendant against which she brings her FCRA claim for the first time in her opposition, Opp'n at 12, the Court need not consider that fact for purposes of whether Plaintiff stated a claim. *See, e.g.*, *SriCom, Inc. v. EbisLogic, Inc.*, No. 12-CV-00904-LHK, 2012 WL 4051222, at *6 (N.D. Cal. Sept. 12, 2012) ("[A]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." (citation omitted)). For these reasons, Plaintiff's FCRA claim fails. The Court therefore GRANTS Defendants' motion to dismiss Plaintiff's FCRA claim.

The Court grants Plaintiff leave to amend her FCRA claim. The Court reminds Plaintiff that the Court gave Plaintiff notice in its June 12, 2018 order dismissing Plaintiff's initial complaint sua sponte for lack of subject matter jurisdiction that Plaintiff failed to specify as to which causes of action are alleged against which Defendants. ECF No. 32 at 9–10. If Plaintiff fails to specify against which Defendants she brings her FCRA claim or if Plaintiff fails to cure the other deficiencies of her FCRA claim in a second amended complaint, the Court will dismiss Plaintiff's FCRA claim with prejudice.

### G. Plaintiff's Due Process Claim

Defendants argue that Plaintiff's seventh cause of action—titled "Violations of Due Process 5.1.B. Claims Procedure Issues"—fails. Mot. at 23–24; *see* Amend Compl. at 23–24. The Court agrees.

Plaintiff's cause of action fails because she does state the legal basis of her due process claim. Plaintiff's claim also fails because Plaintiff does not specify against which Defendants Plaintiff brings her due process claim. *See, e.g.*, Amend. Compl. at 23 (stating "Defendants

Case No. 18-CV-02704-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

violated the Plaintiff's rights by not giving 'notice[,]' an elementary and fundamental requirement of due process in any proceeding . . . ."). Further, Plaintiff does not specify which Defendants are state actors for the purposes of this claim, nor does she allege any facts suggesting that any Defendant acted under color of state law. *See, e.g., Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) (stating that the Fourteenth Amendment of the United States Constitution "can be violated only by conduct that may be fairly characterized as 'state action.'"); *Gritchen v. Collier*, 254 F.3d 807, 801 (9th Cir. 2001) ("To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law."). Instead, Plaintiff's only response to the Defendants' motion to dismiss Plaintiff's due process claim is: "The violations of . . . Due Process were clearly stated on [sic] the First Amended Complaint." Opp'n at 9.

In light of the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiff's due process claim. The Court grants Plaintiff leave to amend. The Court reminds Plaintiff that the Court gave Plaintiff notice in its June 12, 2018 order dismissing Plaintiff's initial complaint sua sponte for lack of subject matter jurisdiction that Plaintiff failed to be specific as to which causes of action are alleged against which Defendants. ECF No. 32 at 9–10. Therefore, if Plaintiff fails to specify against which Defendants she brings her due process claim or if Plaintiff fails to cure the other deficiencies of her due process claim in a second amended complaint, the Court will dismiss Plaintiff's due process claim with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court rules as follows:
- The motion to dismiss the quiet title claim is GRANTED with prejudice;
- The motion to dismiss the lack of standing to foreclose claim is GRANTED with prejudice;
- The motion to dismiss the fraud claims is GRANTED with prejudice;
- The motion to dismiss the TILA claim is GRANTED with leave to amend;
- The motion to dismiss the RESPA claim is GRANTED with leave to amend;
- The motion to dismiss the FCRA claim is GRANTED with leave to amend;
- The motion to dismiss the due process claim is GRANTED with leave to amend.

If Plaintiff elects to file an amended complaint, Plaintiff must do so within 30 days of this

23

United States District Court
Northern District of California

Order. If Plaintiff fails to file an amended complaint within 30 days, Plaintiff's case will be dismissed with prejudice. If Plaintiff fails to cure the deficiencies identified in this Order, Plaintiff's deficient claims will be dismissed with prejudice.

Because the Court dismisses the Amended Complaint in its entirety, the Court DENIES as moot Defendants' motion for a more definite statement.

**IT IS SO ORDERED.**

Dated: November 26, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge