UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOLORES YEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO, INC., et al.,<br><br>    Defendants. | Case No. 18-CV-02704-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 124 |

On May 8, 2018, Plaintiff Dolores Yee ("Plaintiff"), proceeding *pro se*, filed this suit, which arises out of a pending foreclosure on Plaintiff's home, against Select Portfolio Servicing Inc. ("SPS"); Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech"); Specialized Loan Servicing LLC ("SLS"); The Mortgage Law Firm PLC; and "CWABS, Inc., Asset-Backed Certificates, Series 2007-2,"[1] who are unknown defendant certificate holders[2] (collectively, "Defendants"). ECF No. 1. On June 12, 2018, the Court dismissed this case without prejudice *sua sponte* for lack of subject matter jurisdiction. ECF No. 32 ("First Dismissal Order"). Specifically,

---

[1] Given inconsistencies in Plaintiff's filings, the Court refers to the correct names of the Defendant entities as identified by the Defendants themselves. *See, e.g.*, ECF Nos. 80, 21.
[2] Defendants state that SPS is the attorney-in-fact for The Bank of New York Mellon f/k/a The Bank of New York ("BNYM"), and that BNYM is trustee for the CWABS, Inc., Asset-Backed Certificates, Series 2007-2. ECF No. 41 at ii.

1
Case No. 18-CV-02704-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

the Court found that diversity jurisdiction was lacking because The Mortgage Law Firm PLC is a citizen of California. *See id.* at 6.

On July 6, 2018, Plaintiff filed a first amended complaint ("FAC"). ECF No. 33 ("FAC"). The FAC dropped The Mortgage Law Firm PLC as a defendant. *Id.* Because The Mortgage Law Firm PLC, which was the only non-diverse defendant, was no longer a defendant, the Court had subject matter jurisdiction over the instant case. In the FAC, Plaintiff brought seven causes of action: (1) quiet title; (2) lack of standing to foreclose; (3) fraudulent concealment and fraud in the inducement; (4) violations of the Truth in Lending Act ("TILA"); (5) violations of the Real Estate Settlement Procedures Act ("RESPA"); (6) violations of the Fair Credit Reporting Act; and (7) due process violations. *Id.* at 13–24.

On July 23, 2018, Defendants filed a motion to dismiss the FAC. ECF No. 41. Plaintiff opposed the motion to dismiss the FAC on August 6, 2018, *see* ECF No. 50, and Defendants replied on August 13, 2018, *see* ECF No. 57.

On November 26, 2018, the Court granted the motion to dismiss the FAC. ECF No. 80 ("Second Dismissal Order"). The Court concluded that Plaintiff had failed to oppose many of Defendants' arguments in the motion to dismiss. *Id.* at 11–12. The Court further concluded that Plaintiff had failed to specify against which Defendant Plaintiff brings each of her claims. *Id.* at 12–14. The Court dismissed Plaintiff's claims for quiet title, lack of standing to foreclose, and fraudulent concealment and fraud in the inducement with prejudice because the Court concluded that these claims were barred by res judicata. *Id.* at 14–17. The Court dismissed Plaintiff's TILA claim with leave to amend because the Court concluded that Plaintiff's TILA claim was barred by the statute of limitations. *Id.* at 17–19. The Court dismissed Plaintiff's RESPA claim with leave to amend because Plaintiff's allegations lacked necessary factual details. *Id.* at 19–20. The Court dismissed Plaintiff's FCRA claim with leave to amend because Plaintiff failed to plead the required elements of that claim. *Id.* at 20–22. Finally, the Court dismissed Plaintiff's due process claim with leave to amend because Plaintiff did not state the legal basis of her due process claim, specify against which Defendants Plaintiff brought a due process claim, and specify which

2

Defendants were state actors. *Id.* at 22–23. The Court ordered Plaintiff to file an amended complaint within 30 days, and the Court noted that if Plaintiff "fails to cure the deficiencies identified in this Order, Plaintiff's deficient claims will be dismissed with prejudice." *Id.* at 23–24.

On December 26, 2018, Plaintiff filed a second amended complaint ("SAC") against SPS; Ditech; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2, who are unknown defendant certificate holders. ECF No. 81 ("SAC"). Plaintiff's SAC is identical to the FAC, with the sole exception of a note appended at the end of the document that declares that "the Plaintiff submits the original amended complaint for reconsideration and for the Federal violations stated on the recusal motion." *Compare* FAC *with* SAC; *see also* SAC at 24. Defendants filed a motion to dismiss the SAC on January 9, 2019, *see* ECF No. 83, and Plaintiff opposed on January 31, 2019, *see* ECF No. 100.

On March 12, 2019, Ditech filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay. ECF No. 101. The following day, on March 13, 2019, the Court entered an order staying the case indefinitely as a result of Ditech's bankruptcy petition. ECF No. 103. However, on April 5, 2019, SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2 requested that the Court reconsider its decision, and stay the action as to Ditech only. ECF No. 104. On May 17, 2019, the Court granted the motion for reconsideration and lifted the stay as to SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2, and maintained the stay as to Ditech only. ECF No. 107. The Court instructed SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2 to refile a motion to dismiss the SAC. *Id.*

On May 22, 2019, SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2 filed another motion to dismiss the SAC. ECF No. 108. Plaintiff did not file an opposition. On September 12, 2019, the Court granted SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2's motion to dismiss with prejudice. ECF No. 111 ("Third Dismissal Order"). The Court granted SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2's motion to dismiss for two reasons. First, Plaintiff had not filed an opposition. *Id.* at 2–3. Second, the Court concluded that the SAC is identical to the FAC, and the Court previously admonished Plaintiff

3

that "fail[ure] to cure the deficiencies identified in this Order" would result in dismissal of the SAC with prejudice. *Id.* at 3. The Court thus granted SPS; SLS; and CWABS, Inc., Asset-Backed Certificates, Series 2007-2's motion to dismiss with prejudice. *Id.*

On September 26, 2019, the United States Bankruptcy Court for the Southern District of New York approved Ditech's Chapter 11 bankruptcy plan, which has an effective date of September 30, 2019. *See* ECF Nos. 115, 116. Ditech's Chapter 11 bankruptcy plan explicitly provides that the holders of all claims that arose prior to the effective date and that seek monetary damages against the Debtors are enjoined from "commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind . . . against or affecting the Debtors" or their successors. *See* ECF No. 116. As explained below, this injunctive provision bars Plaintiff's claims for monetary relief against Ditech because Plaintiff's claims for monetary relief arose well before the effective date of September 30, 2019.

On November 19, 2019, Ditech filed a status report advising the Court of Ditech's Chapter 11 bankruptcy plan and its injunctive provisions. ECF Nos. 115, 116. Nevertheless, Plaintiff refused to dismiss her claims for monetary relief against Ditech.

On August 18, 2020, the United States Bankruptcy Court for the Southern District of New York entered an Order Granting Plan Administrator's Fifth Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order as Related to Dolores Yee, which bars Plaintiff from pursuing Plaintiff's claims for monetary relief against Ditech. ECF No. 120 ¶ 4, Exh. A. On November 10, 2020, Ditech filed a notice of the August 18, 2020 Order. ECF No. 120. However, Plaintiff refused to dismiss her claims for monetary relief against Ditech.

Following Plaintiff's refusal to dismiss her claims for monetary relief against Ditech, Ditech filed the instant motion to dismiss the SAC on January 8, 2020. ECF No. 124.[3] On January 20, 2021, Plaintiff filed an opposition. ECF No. 125. That same day, Plaintiff filed a reply, which

---

[3] Ditech's motion to dismiss contains a notice of motion paginated separately from the memorandum of points and authorities in support of the motion. ECF No. 124 at i–iii. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities should be contained in one document with the same pagination.

4

Case No. 18-CV-02704-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

1   is identical to Plaintiff's opposition. ECF No. 126. On May 5, 2021, Plaintiff submitted a

2   declaration in support of Plaintiff's opposition. ECF No. 127. The Court declines to consider

3   Plaintiff's May 5, 2021 declaration because Plaintiff's opposition and supporting materials were

4   due on January 22, 2021, 14 days after Ditech filed its motion to dismiss on January 8, 2021. *See*

5   Civ. L.R. 7-3(a).

6         The Court grants Ditech's motion to dismiss the SAC with prejudice for three reasons.

7   First, as explained above, the SAC is identical to the FAC, with the sole exception of a note

8   appended at the end of the document that declares that "the Plaintiff submits the original amended

9   complaint for reconsideration and for the Federal violations stated on the recusal motion."

10  *Compare* FAC *with* SAC; *see also* SAC at 24. Accordingly, the SAC has the same deficiencies

11  that the Court found in the Second Dismissal Order. *See* ECF No. 80 at 11–23. Moreover, in the

12  Second Dismissal Order, the Court admonished Plaintiff that "fail[ure] to cure the deficiencies

13  identified in this Order" would result in dismissal of the SAC with prejudice. *See id.* at 24.

14  Plaintiff has not cured the deficiencies identified in the Second Dismissal Order. Thus, the Court

15  grants Ditech's motion to dismiss the SAC with prejudice.

16        Second, Plaintiff's claims for monetary damages are precluded by Ditech's Chapter 11

17  bankruptcy plan, which provides that the holders of all claims that arose prior to the effective date

18  and that seek monetary damages against the Debtors are enjoined from "commencing, conducting

19  or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any

20  kind . . . against or affecting the Debtors" or their successors. *See* ECF No. 116. All of Plaintiff's

21  remaining claims seek monetary damages against Ditech. *See* SAC ¶ 42 (alleging that Plaintiff has

22  incurred damages based on Defendants' violations of TILA); *id.* ¶ 59 (alleging that Plaintiff has

23  incurred damages based on Defendants' violations of RESPA); *id.* ¶ 65 (alleging that Plaintiff has

24  incurred damages based on Defendants' violations of FCRA); *id.* ¶ 69 (alleging that Plaintiff has

25  incurred damages based on Defendants' violations of due process). Moreover, the effective date of

26  Ditech's bankruptcy plan is September 30, 2019. *See* ECF No. 115 ¶ 4. Accordingly, Plaintiff's

27  claims, which stem from the 2012 foreclosure on Plaintiff's home, arose prior to the effective date

5

Case No. 18-CV-02704-LHK
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

of Ditech's Chapter 11 bankruptcy plan. Thus, Plaintiff's claims for monetary relief are precluded by Ditech's Chapter 11 bankruptcy plan.

Finally, Plaintiff's claims for non-monetary relief are foreclosed because Ditech is no longer the loan servicer as to the mortgage loan at issue. Accordingly, Ditech cannot grant any non-monetary relief to Plaintiff.

For the reasons stated above, the Court GRANTS Ditech's motion to dismiss the SAC with prejudice.

**IT IS SO ORDERED.**

Dated: May 25, 2021

LUCY H. KOH
United States District Judge